UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON MACKBEE, | Case No. 2:20-cv-02471-JDP |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S CROSS-MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKZI, Acting Commissioner of Social Security | ECF Nos. 15 & 16 |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 15 & 16. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's is denied, and the matter is remanded for further proceedings.

**Standard of Review**

An ALJ's decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and the correct legal standards were applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed applications for SSI, alleging disability beginning June 20, 1995. Administrative Record ("AR") 176-84. After his applications were denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 42-61, 94-98, 104-09. On September 14, 2020, the ALJ issued a decision finding that plaintiff was not disabled. AR 15-25. Specifically, the ALJ found that:

1. The claimant has not engaged in substantial gainful activity since November 30, 2018, the application date.

2. The claimant has the following severe impairments: post-traumatic stress disorder; anxiety; major depressive disorder; cannabis use disorder; alcohol use disorder; and hypertension.

\* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can understand, remember and carry out simple, routine and repetitive instructions and tasks.  The claimant is limited to isolated work, which involves no public contact and occasional direct coworkers and supervisor interaction and no group tasks.  (There is no limit on incidental coworker and supervisor contact.)  The claimant should perform only low stress work, which is defined as requiring only occasional changes in work setting, occasional changes in work duties and occasional, simple, work-related decision-making.  The claimant should have no exposure to moving mechanical parts and high, exposed place hazards, as rated by the Dictionary of Occupational Titles (DOT).

\* \* \*

5. The claimant has no past relevant work.

6. The claimant was born [in] 1976 and was 42 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work has not been under a disability, as defined in the Social Security Act, from July 23, 2016, through the date of this decision.

\* \* \*

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 30, 2018, the date the

application was filed.

AR 17-25 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-5, 173-75. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff argues that the ALJ erred by: (1) rejecting Dr. Edward Morales's opinions without comment, (2) failing to provide legally sufficient reasons for rejecting psychologist Carol Chambers' medical opinion, and (3) rejecting plaintiff's subjective complaints absent clear and convincing reasons. ECF No. 15. The court agrees that the ALJ erred by failing to consider Dr. Morales's medical opinion. Because that error warrants remand, the court declines to address plaintiff's remaining arguments.

In April 2017, plaintiff was referred to Dr. Morales for psychiatric treatment. AR 289. Dr. Morales diagnosed plaintiff with post-traumatic stress disorder and schizoaffective disorder, bipolar type. AR 286-87. In multiple treatment notes, Dr. Morales provided assessments of plaintiff's limitations. On June 21, 2017, he opined that plaintiff's depression, anxiety, and paranoia significantly impaired his ability to concentrate, complete tasks, adapt to stressors common in the work environment, communicate effectively, and interact appropriately with others. AR 289. Dr. Morales also concluded that plaintiff was emotionally unstable, and that supervision of his work could result in emotional decompensation. *Id*. Ultimately, he concluded that plaintiff was unable to work due to his mental impairments, which he expected to persist for more than a year. *Id*. Dr. Morales also completed assessments in August and September 2017, which reflected identical functional limitations. AR 280-84, 286.

In her decision, the ALJ briefly referenced Dr. Morales's treatment notes and objective findings from his examinations of plaintiff (although without, in this context, naming Dr. Morales). AR 21. However, the ALJ made no mention of Dr. Morales's opinions that plaintiff's mental impairments resulted in several functional limitations. An ALJ is required to consider all medical opinion evidence and explain the persuasiveness of each opinion. 20 C.F.R. § 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of

4

the medical opinions . . . in your case record."); *see also Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193 (9th Cir. 2022) ("To engage in meaningful review of a disability claim, an ALJ may not ignore significant probative evidence that bears on the disability analysis."). Accordingly, the ALJ was required to weigh Dr. Morales's opinions and articulate reasons for why his assessed limitations were rejected. The ALJ's failure to even mention Dr. Morales's opinion constitutes reversible error. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set forth . . . reasons for crediting one medical opinion over another, he errs.").

The Commissioner contends that the ALJ was not required to discuss Dr. Morales's opinions because the physician's "repeated statements that Plaintiff could not work were neither valuable nor persuasive." ECF No. 16 at 11; *see* 20 C.F.R. § 416.920b(c)(3) (providing that a decision will not address statements that the claimant is disabled or unable to work). Dr. Morales did not merely opine that plaintiff was unable to work; he provided specific opinions about plaintiff's functional limitations for several work-related activities. AR 280-81, 283-84. These assessed limitations could not be rejected without comment.

The Commissioner further argues that the failure to address Dr. Morales's opinions was, at most, harmless because they were rendered more than a year before the relevant period. ECF No. 16 at 11. He contends that since a claimant cannot receive SSI benefits for any period before the application date—in this instance, November 30, 2018—Dr. Morales's 2017 opinions are irrelevant.[1] ECF No. 16 at 11. Contrary to the Commissioner's contention, evidence predating the application date is not presumptively irrelevant. Instead, "evidence that predates that claimant's application date but postdates the alleged onset date is pertinent to the alleged period of disability." *Pacheco v. Berryhill*, 733 F. App'x 356, 360 (9th Cir. 2018); *see Havens v.*

---

[1] The Commissioner also argues that Dr. Morales's opinions is not probative because plaintiff's mental health subsequently improved with medication adjustments. ECF No. 16 at 11-12. The ALJ did not rely on evidence of improvement to reject Dr. Morales's opinions, and this court's review is limited to the ALJ's asserted reasons. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

*Kijakazi*, No. 4:19-cv-05257-EFS, 2022 WL 2115109, *2 (9th Cir. June 13, 2022) (holding that the ALJ "erred in assigning little weight" to a doctor's note that was "written only a few months prior to the application date and was between the alleged onset date and filing date"). Furthermore, Dr. Morales's specifically opinioned that the assessed limitations would likely persist for longer than a year. AR 281. Accordingly, his opinion was probative of whether plaintiff was disabled during the relevant adjudicative period.

Because the ALJ did not consider Dr. Morales's opinions in assessing plaintiff's ability to work, the matter must be remanded for further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("The district court may reverse . . . but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 15, is granted;

2. The Commissioner's cross-motion for summary judgment, ECF No. 16, is denied;

3. The matter is remanded for further proceedings; and

4. The Clerk of Court is directed to enter judgment in plaintiff's favor.


IT IS SO ORDERED.

Dated:    September 27, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE